**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Voelker, et al., | No. CV-24-01886-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Enroll Confidently Incorporated, | |
| Defendant. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Allison Bachus (Doc. 47) for Plaintiff Adam Voelker's ("Plaintiff") Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 41). The Court will adopt Judge Bachus' R&R and grant Plaintiff's Motion.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "Within ten days after being served with a copy [of a report and recommendation], any party may serve and file written objections. . . . [T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Moreover, 28 U.S.C. § 636(b)(1) does not "require[ ] some lesser review by the district court when no objections are filed." *Thomas v. Arn,* 474 U.S. 140, 149–50 (1985). Instead, district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id.* at 149.

Here, there are no objections to the R&R and the time for objections has elapsed.

Therefore, the Court will grant Plaintiff Adam Voelker's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 41) and largely adopt the R&R.

Accordingly,

**IT IS ORDERED** that the Judge Allison Bachus' Report and Recommendation (Doc. 47) is **adopted.**

**IT IS FURTHER ORDERED** that Plaintiff Adam Voelker's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 41) is **granted.**

**IT IS FURTHER ORDERED** as follows:

1. The Court **preliminarily approves** the Parties' Settlement Agreement and the settlement set forth therein as fair, adequate and reasonable, and in the best interest of the putative class members, subject to further consideration at a final fairness hearing (the "Final Fairness Hearing").

2. The Court hereby conditionally certifies the following Class for the purposes of settlement (the "Settlement Class"):

> All living individuals residing in the United States whose Private Information may have been impacted in the Data Incident. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

3. The Court designates Plaintiffs Adam Voelker, Alexxi Guyette, Janelle Bailey, Brittany Evans, and Baltazar DaRosa as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

4. The Court appoints Gary M. Klinger, Andrew Shamis, Raina C. Borrelli, and Jeff Ostrow as Class Counsel for the Settlement Class.

5. The Final Fairness Hearing shall be held before this Court on August 6, 2026, at 10:00 a.m. (a date no sooner than 90 days following completion of the notice being issued pursuant to 28 U.S.C. § 1711 *et seq.*), before District Judge Diane J. Humetewa in Courtroom 605, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003, to determine whether to approve certification of the class

for settlement purposes; whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of distribution should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of the service award that should be provided to the Class Representative. The Court may adjourn the Final Fairness Hearing without further notice to the members of the Settlement Class.

6.      The Court approves the proposed Notices (Doc. 48-2 at 37, Exhibit 1 &, Doc. 48-2 at 44, Exhibit 3) and the Claim Form (Doc. 48-2 at 53, Exhibit 4) to the Notice of Filing Amended Settlement Documents in Support of Preliminary Approval of Class Action Settlement.  (Doc. 48). (Doc. 41). The Court further finds that the proposed plan of notice and the proposed content of the notice, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7.      No later than thirty (30) days from the date of this Order preliminarily approving the Settlement Agreement, the Settlement Administrator shall send the Short Notices to each Settlement Class Member through mailing the Short Form Notices via electronic mail and/or U.S. Mail, first-class; and shall publish the Long Notice on the Settlement Website as stated in the proposed Notice Plan. All mailings and remailings to any Settlement Class Members shall be completed (45) forty-five days from the date of this Order preliminarily approving the Settlement Agreement. Contemporaneously with seeking Final Approval of the Settlement, Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

8.      All costs incurred in disseminating or otherwise in connection with the Settlement Notice shall be paid from the Settlement Fund pursuant to the Settlement Agreement.

9.     The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and are thus approved for dissemination to the Settlement Class. The Claim Forms shall be made available to the Settlement Class Members as set forth in the Notice Plan and shall be made available to any potential Class Member that requests one.

10.     The Settlement Agreement provides that, as part of the Settlement, Class Counsel will request an amount of attorneys' fees not to exceed one-third of the $990,000 Settlement Fund ($330,000) and reimbursement for their reasonable litigation costs to be paid to Class Counsel and Plaintiffs' Counsel from the Settlement Fund. Pursuant to the Settlement, Plaintiffs shall file their motion requesting attorneys' fees, costs, and service awards no later than 45 days before the original date set for the Final Approval Hearing.

11.     Settlement Class Members may opt-out or object up to thirty (30) days before the original scheduled Final Approval Hearing (the "Opt-Out Deadline").

12.     Any members of the Settlement Class Members who wish to be excluded ("opt-out") from the Settlement Class must send a written request to the designated Post Office box established by the Claims Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally submit an opt-out request. All Settlement Class Members who opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Enroll.

13.     Any member of the Settlement Class Members who does not properly and timely opt-out of the Settlement shall, upon entry of the Final Approval Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Released Claims, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

14.    Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through their own attorney. Settlement Class Members who do not timely object or opt-out and that do not have an attorney who enters an appearance on their behalf will be represented by Class Counsel.

15.    Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Proposed Class Counsel's Application for fees and expenses, or (d) the service award request, by (i) serving a written objection upon Proposed Class Counsel and Enroll's counsel or (ii) filing the written objection with the Court through the Court's ECF system, with service on Proposed Class Counsel and Enroll's counsel made through the ECF system.

16.    Any Settlement Class Member making the objection (an "Objector") must submit the objection in writing and include all the following information: a) the objecting Settlement Class members' full name, current address, telephone number, and email address (if any); (ii) contain the objecting Settlement Class Members' signature; and (iii) set forth a statement of all ground for the objection, including any legal support for the objection that the objector believes applicable. To be timely, any objection must be filed with the Clerk of Court no later than sixty (60) Days after Notice Date.

17.    If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the notice of appearance filed with the Court must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include each such attorney's name, address, phone number, email address, state bar(s) to which counsel is admitted

18.    If the objecting Settlement Class Member intends to request permission from the Court to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least thirty (30) Days before the Final Approval Hearing.

19. In order to be timely, objections, along with any notices of intent to appear, must be mailed to Proposed Class Counsel and Enroll's Counsel with a postmark date of no later than thirty (30) days before the initial Final Approval Hearing or filed with the Court no later than thirty (30) days before the initial Final Approval Hearing.

20. Only Settlement Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Fairness Hearing. Any Settlement Class Member who does not timely mail or file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Released Claims and Released Parties; (c) entry of Final Approval Order or any judgment; (d) Proposed Class Counsel's application for fees, costs, and expenses, and/or (e) the Service Award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

21. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

22. Upon entry of the Order and Final Judgment, all members of the Settlement Class who have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Enroll with respect to all of the Released Claims and the Released Parties.

23. The Settlement Administrator shall prepare and send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. 1715. Class Counsel and Counsel for Enroll shall cooperate promptly and fully in the preparation of such notices, including providing Enroll with any and all information in their possession necessary for the preparation of these notices. Enroll shall provide courtesy copies of the notices to Proposed Class Counsel for the purpose of implementing the settlement.

24. The Court hereby appoints the settlement administrator proposed by the parties, Epiq Systems, Inc. (the "Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of

communicating with Settlement Class Members; (b) disseminating notice to the Settlement Class; (c) developing a web site to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; (e) administering the Settlement Fund, and; (f) distributing settlement benefits to Settlement Class Members. Pursuant to the Settlement Agreement, the Settlement Administrator and costs of administration shall be paid from the Settlement Fund.

25.    In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Enroll, and shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation.) The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

26.    Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Enroll as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

27. The Court orders the following schedule of dates for the specified actions/further proceedings:

| **Grant of Preliminary Approval** | |
|---|---|
| **Defendant Enroll provides a list of Settlement Class Members to the Settlement Administrator** | 10 days after entry of the Preliminary Approval Order |
| **Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b)** | Within 10 days of filing the Preliminary Approval Motion |
| **Notice Date** | 30 days after Preliminary Approval |
| **Deadline for filing Motion for Final Approval, including Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award** | 45 days before the Final Approval Hearing |
| **Objection Deadline** | 30 days before the Final Approval Hearing |
| **Opt-Out deadline** | 30 days before the Final Approval Hearing |
| **Claims Deadline** | 15 days before the Final Approval Hearing |
| **Final Approval Hearing** | August 6, 2026, at 10:00 a.m. |

Dated this 25th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 8 -