**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Adam Voelker, et al.,

Plaintiffs,

v.

Enroll Confidently Incorporated,

Defendant.

No. CV-24-01886-PHX-DJH

**JUDGMENT AND ORDER**

Before the Court is Plaintiffs' Adam Voelker, Alexxi Guyette, Janelle Bailey, Brittany Evans, and Baltazar Darosa (collectively, "Plaintiffs") Unopposed Motion for Final Approval of Class Action Settlement (Doc. 56). On August 13, 2026, the Court held a final fairness hearing ("Final Approval Hearing") to determine whether settlement in this action is proper (Doc. 66). The Court found the settlement agreement is fair, reasonable and adequate (*Id.*). Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

## I. Background

Plaintiff Voelker initially filed the Complaint initiating this matter on July 30, 2024 (Doc. 1). Soon thereafter, the Court granted an unopposed motion to consolidate two other similar cases into this one (Doc. 17), and a Consolidated Class Action Complaint was filed on November 1, 2024 (Doc. 18).

In their Consolidated Class Action Complaint, Plaintiffs, on behalf of themselves individually and all others similarly situated, allege that Defendant failed to adequately secure and safeguard their personally identifiable information (*e.g.,* names, addresses, Social Security numbers, and driver's license numbers) (*See id.* at 5–9). Plaintiffs are (or were) employees of companies that utilized Defendant for employee-benefit management services. (*Id.* at 5).

Pursuant to Federal Rule of Civil Procedure ("Rule") 23, Plaintiffs brought this nationwide class action on behalf of "[a]ll individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized third party as a result of the data breach reported by Defendant in August 2024 (the 'Class')" and "[a]ll residents of California [whom] Defendant has identified as being among those individuals impacted by the Data Breach" (the "California Subclass") (*Id.* at 46). The Consolidated Class Action Complaint alleges the following causes of action as to Plaintiffs and the Class: (Count I) Negligence, (Count II) Negligence per se, (Count III) Breach of Third-Party Beneficiary Contract, (Count IV) Unjust Enrichment, (Count V) Invasion of Privacy, (Count VI) Breach of Fiduciary Duty, and (Count VII) Violation of the Arizona Consumer Fraud Act (A.R.S. §§ 44-1521, *et seq.*) (*Id.* at 51–68). The Consolidated Class Action Complaint further alleges, as to Plaintiff Voelker and the California Subclass: (Count VIII) Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*) and (Count IX) Violation of the California Consumer Records Act. (*Id.* at 68–71). Declaratory judgment is also sought as to all Plaintiffs and Class Members (*Id.* at 71–73).

After the Consolidated Class Action Complaint was filed, the Court granted Defendant's extensions to file a responsive pleading (Docs. 23, 28). The Court entered a Scheduling Order (Doc. 30). The Court subsequently granted a stay to allow the parties to pursue settlement (Doc. 32). On June 9, 2025, the parties notified the Court they had reached a class settlement after engaging in mediation (Doc. 35). The Court lifted the stay and ordered that the parties seek preliminary approval of the class settlement or otherwise provide a status report (Docs. 36, 40).

## II. Legal Standard

While the Ninth Circuit has declared a strong judicial policy for settlement of class actions, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), this does not relieve the moving party of its burden of showing they have satisfied each of Rule 23's requirements, *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979), nor the court of its duty pursuant to Rule 23(e). Accordingly, class action settlements require the court's approval. Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval.").

This means that approval of a class action settlement moves forward in two stages: preliminary approval, and once notice is given to class members, final approval. *Cf. Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, the court conducts a preliminary fairness evaluation to determine if the settlement notice of the class action should issue to class members and, if applicable, whether the proposed settlement class should be certified. *See* David F. Herr, Ann. Manual Complex Lit. § 21.632 (4th ed. 2023). At the final approval stage, the primary inquiry is whether the proposed settlement is fundamentally "fair, adequate, and reasonable." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The court's "only role in reviewing the substance of that settlement is to ensure that it is fair, adequate, and free from collusion." *Lane*, 696 F.3d at 819. Several factors are instructive in making this determination:

> 1) the strength of the plaintiffs' case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status throughout the trial; 4) the amount offered in settlement; 5) the extent of discovery completed and the stage of the proceedings; 6) the experience and views of counsel; 7) the presence of a governmental participant; and 8) the reaction of the class members to the proposed settlement.

*Id.* "The relative degree of importance to be attached to any particular factor will depend upon … the unique facts and circumstances presented by each individual case." *In re*

*Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prod. Liab. Litig.*, 895 F.3d 597 (9th Cir. 2018) (internal quotations and citation omitted).

Additionally, Rule 23(e)(2) requires the court "to consider 'the terms of any proposed award of attorney's fees' and scrutinize the settlement for evidence of collusion or conflicts of interest before approving the settlement as fair." *Kim v. Allison*, 8 F.4th 1170, 1179 (9th Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)). When the settlement takes place before formal class certification, the resulting settlement agreement "must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (recognizing that the court must pay "undiluted, even heightened, attention" to class certification and fairness requirements in a settlement approval context). The so-called *Bluetooth* factors—also referred to as "subtle signs" of collusion—include: (i) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded"; (ii) the existence of a "clear sailing" arrangement, which provides "for the payment of attorneys' fees separate and apart from class funds," or a provision under which defendant agrees not to object to the attorneys' fees sought; and (iii) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth*, 654 F.3d at 947 (internal quotations and citations omitted).

The court must show that it comprehensively explored the relevant factors and that the settlement is not the product of collusion amongst the settling parties. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000), *as amended* (June 19, 2000).

## III. Findings of Fact and Conclusions of Law

### A. Final Certification of Settlement Class

When considering a motion for final approval of a class action settlement, the court must perform the threshold task of certifying the class under Rule 23(a) and (b). *Amchem*, 521 U.S. at 621 (holding that satisfying Rule 23(e) "function[s] as an additional

requirement" to Rule 23(a) and (b)'s requirements that a "class" designation is appropriate).

The Court adopted the Report and Recommendation of Magistrate Judge Bachus, which conducted an examination of Rules 23(a) and (b)(3)'s requirements, and determined that certification was warranted (Doc. 49). Because no additional substantive issues concerning class certification have been raised since the Court preliminarily certified the class on March 25, 2026, this Order incorporates by reference the prior analysis as set forth in the Report and Recommendation recommending that Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement be granted (Doc. 47 at 5–9). Accordingly, the Court finds that certification of the class only for settlement pursuant to Rules 23(a) and (b)(3) is appropriate in this case.

**B. Final Approval of Class Action Settlement**

On March 25, 2026, the Court entered an Order Granting Preliminary Approval of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") which, among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of Notice under the Notice Program set forth in the Settlement Agreement; (b) preliminarily certified a Settlement Class; (c) preliminarily appointed Plaintiffs as the Class Representatives; (d) provisionally appointed Gary M. Klinger, Andrew Shamis, Raina Borrelli, and Jeff Ostrow as Class Counsel; (e) preliminarily approved the Settlement Agreement and the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; (f) set deadlines and procedures for Settlement Class Members to request exclusion from and to object to the Settlement; (g) approved and appointed Epiq Systems, Inc. as the Settlement Administrator; and (h) set the date for the Final Approval Hearing (Doc. 49).

On April 24, 2026, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement

Agreement and to be heard at a Final Approval Hearing.

On August 6, 2026, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice (Doc. 66).

The Court is not required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement.

The Court is required under Rule 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, and having reviewed the materials in support thereof, and good cause appearing,

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Complaint against Defendant for purported failure to implement or maintain adequate data security measures and safeguards to protect Private Information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise indicated, words spelled in this Order and Judgment

Granting Final Approval of Class Action Settlement ("Final Approval Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement, and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All living individuals residing in the United States whose Private Information may have been impacted in the Data Incident.

Excluded from the Settlement Class are: (a) all persons who are employees, directors, officers, and agents of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a. Settlement Class Members to be able to submit claims that will be evaluated by the Settlement Administrator.

b. Defendant to pay, through the Settlement Fund, all costs of Settlement Administration, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing

and mailing checks.

c. Defendant to pay, through the Settlement Fund, and subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Award Payments to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Fed. R. Civ. P. 23(b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award Payments to the Settlement Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that the Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. As of the Opt-Out deadline, no potential Settlement Class Members have requested to be excluded from the Settlement. All Settlement Class Members who have not

validly excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

11. One (1) objection was filed by Settlement Class Members. The Court has considered this objection and finds the objections does not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

12. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

15. Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Settlement Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

16. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

17. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have completely and unconditionally released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims, including Unknown Claims.

"Released Claims" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Incident.

"Released Parties" means Defendant and each entity which is controlled by, controlling or under common control with Defendant and its past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees.

"Releasing Parties" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, agents, attorneys, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, such as under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq.* and/or California's Unfair Competition Law, California Civil Code section 17200 *et seq.* Each Party expressly waives all rights under California Civil Code section 1542, which

provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

18. Neither Defendant nor its Related Parties, shall have or shall be deemed to have released, relinquished, or discharged any claim against any person other than Plaintiffs and each and all of the Settlement Class Members. In addition, none of the releases in the Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement by Plaintiffs, Settlement Class Members, Settlement Class Counsel, and/or Defendant.

19. The Court grants final approval to the appointment of Plaintiffs as Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

20. The Court grants final approval to the appointment of Settlement Class Counsel. The Court concludes that Settlement Class Counsel has adequately represented the Settlement Class and will continue to do so.

21. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or

of the validity or certifiability for litigation the Settlement Class or any claims that have been, or could have been, asserted in the Action. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, nor shall they be used in any way as an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal. The Settlement Agreement's terms shall be forever binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

22. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the

Settlement Administration Costs paid or due to be paid. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Defendant within 20 days of termination.

23. This Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

24. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

25. This Order resolves all claims against all Parties in this action and is a final order.

26. The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

Accordingly,

**IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 56) is **GRANTED** and Judgment is entered accordingly.

**IT IS FINALLY ORDERED** that the Clerk of Court is kindly directed to terminate this matter.

Dated this 7th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge